FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 22 2014

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES, | ) Case No. CR-10-114-WFN & |
| Respondant, Appellee, | )         CR-11-161-WFN |
| v. | ) BRIEF ON |
| WAYDE LYNN KURT, | ) NOTICE OF APPEAL |
| Petitioner, Appellant. | )     FOR |
| _____ | ) CERTIFICATE OF APPEALABILITY |

Comes now the petitioner, Wayde Kurt, acting pro se with this brief addressing the grounds for relief presented in his notice of appeal for certificate of appealability.

The district court, sua sponte denied the petitioner's § 2255 motion, the motion requesting court records as an indigent and denied certficate of appealability without ordering the government to respond and without an evidentiary hearing.

The petitioner presents Ground One and Ground Two from the original § 2255 motion.

GROUND ONE: Ineffective Assistance of Counsel: Failure to raise issue of factual errors made by the court and failure to object to directed verdict, the result of those errors.

GROUND TWO: Ineffective Assistance of Counsel: Failure to raise the issue of fear as the government's inducement of entrapment.

BRIEF ON NOTICE OF APPEAL FOR COA -1-

1              GROUND ONE

2     In the court order the judge misstates the petitioner's
3 GROUND ONE issue, stating that the issue was entrapment (ORDER
4 DENYING MOVANT"S § 2255 MOTION p. 3 l. 10-12, 16-18) and then
5 procedes to argue entrapment as a reason for denial.

6     The issue underlying Ground One was a directed verdict and
7 was clearly addressed in the petitioner's Memorandum in Support
8 as a violation of due process, arguing, that whenever a
9 defendant is denied the only defense available, by the court
10 refusing to instruct the jury on that defense, then, this rises
11 to the level of a directed verdict against the accused. The
12 district court at two specific junctures during the trial stated
13 that entrapment was the defendant's, Wayde Kurt's, only defense,
14 (C.R. Kurt on Direct p. 726 l. 2-4 and Jury Instruction
15 Conference p. 856 l. 8-12).

16     On direct appeal of this case circuit judge Tashima raised
17 the constitutional issue of lack of due process, sua sponte,
18 where it was not raised by appellate counsel or addressed by the
19 full panel of circuit judges. Wherein, Judge Tashima likened
20 the failure of instructing the jury on a defendat's only defense
21 to directing a verdict against the defendant, citing <u>Cronic</u> the
22 judge respectfully dissented from the majority. This is also the
23 position of the 6th circuit "... Failing to instruct on only
24 defense was plain error and tantamount to directing a verdict
25 against the defendant." <u>United States v. Wuliger</u>, 981 F. 2d
26 1497, 1503 (6th Cir. 1992).

27     The petitioner's counsel failed to object to the directed
28 verdict and failed to raise the issue on appeal as must be

                    BRIEF ON NOTICE OF APPEAL FOR COA -2-

1  inferred by Judge Tashima's explanation of his dissent, thus,
2  making the issue of ineffective assistance of counsel ripe for
3  address in a petition for relief under Title 28 U.S.C. § 2255
4  and was anticipated by the Supreme Court, "... There may be
5  instances too, when obvious deficiencies in representation will
6  be addressed by a appellate court sua sponte.", Massaro v.
7  United States, 538 U.S. 500, 508, 155 L. Ed. 2d 714 (2003).

8  The failure to object to a directed verdict constitutes
9  ineffective assistance of counsel even without the need to show
10 prejudice which is presumed. Harding v. Davis, 878 F. 2d 1341,
11 1345-46 (11th Cir. 1989) (We hold that his silence at the point
12 the verdict was directed against his client was so likely to
13 prejudice Harding that the cost of litigating its effect is
14 unjustified and prejudice is presumed. Cronic, 466 U.S. at 658,
15 104 S. Ct. at 2046 See also Rose v. Clark, 478 U.S. 570, 578,
16 106 S. Ct. 3101, 3106, 92 L. Ed. 2d 460 (1986).

17 Here also the 9th Circuit Court has held to the "per se"
18 rule, citing Cronic, "... The second exception applies in only
19 a narrow class of cases which trigger the "per se" rule of
20 prejudice. In these cases, prejudice is presumed without any
21 showing at all. Cases in which the per se rule applies are those
22 in which there has been an actual or constructive denial of
23 assistance." United States v. Perry, 857F. 2d 1346, 1349 (9th
24 Cir. 1988) See also Hunter v. Moore, 304 F. 3d 1066, 1069 (11th
25 Cir. 2002) citing Cronic "... A petitioner whose case presents
26 such a circumstance need not make the specific showing of
27 prejudice required by Strickland.

28 Ineffective assistance of counsel is presumed on the

BRIEF ON NOTICE OF APPEAL FOR COA -3-

1 face of it and this case should be remanded for retrial.

2                               GROUND TWO

3      The issue underlying Ground Two was the failure of defense
4 counsel to raise the issue of "fear" for family and friends that
5 was induced by the actions an reputation of the government's
6 confidential informant, wherein, the petitioner was compelled
7 to aquire firearms at the confidential informant's request,
8 leading to an entrapment defense. Instead defense counsel used
9 only the issue of "reward" as inducement on direct appeal.

10      The district court, in its Order Denying Movant's § 2255
11 Motion (p. 5 l. 5-8), argues that "fear" as inducement leads
12 to a "... defense of duress rather than entrapment ..." citing
13 United States v. Saturley, 1989 WL 145363 at *1 (9th Cir. 1989)

14      This Saturley case is unpublished and case specific and
15 is not quoted in any other cases. The petitioner presents that
16 fear for family and friends was a legitimate factor for a claim
17 of entrapment where the victim of assault and battery, Anthony
18 Johnson, was the adopted homeless person of the petitioner and
19 "fear" was considered to be a legitimate factor by the 9th
20 Circuit concluding that "... A criminal defendant who acts out
21 of fear does not forfeit his right to an entrapment defense
22 simply because he agrees, seemingly without reluctance to commit
23 a crime. The credibility of the defendant's explanation is for
24 the jury to determine." United States v. Gurolla, 333 F. 3d 944,
25 956 (9th Cir. 2003).

26      It appears that fear induced by a government informant,
27 and presented for an entrapment defense is allowed by current
28 9th Circuit standard.

1   The petitioner made a clear showing, in the original § 2255 motion, that the whole reason of calling the witnesses Anthony Johnson and his, then, girl friend, Melonie Howells, was to present their fear of the confidential informant's direct connection to a violent skinhead gang who had assaulted and battered Mr. Johnson. The petitioner presented their, and his own, testimony to that effect (C.R. Johnson on Direct p. 600 l. 20-23).

9   The defense counsel failed to raise this core issue of fear at the Jury Instruction Conference nor raised it on direct appeal. In the district court's order denying the petitioner's § 2255 motion the court did not examine the presented trial record to decide the merits of the "fear" issue versus the merits of the "reward" issue as inducement where only "reward" was brought on direct appeal, "... Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome. ..." "..., the district court should be guided by the defendant's careful presentation of those issues which allegedly should have been raised on appeal, with accompanying citations to the trial record." Gray v. Greer, 800 F.2d 644,646 (7th Cir. 1985).

24  The district court then argues that the petitioner, in his original § 2255 motion, fails to present the evidence for impeachment of government witnesses, not presented by the defense counsel at trial, was sufficient to show ineffective assistance of counsel and the court cites Reynoso v. Giurbino,

BRIEF ON NOTICE OF APPEAL FOR COA -5-

1  (Court Order Denying Movant's § 2255 Motion p. 5 l. 10-15).

2  But this case law also shows that a defendant can overcome
3  the presumption, "... a poor tactical decision may constitute
4  deficient conduct if "the defendant [can] overcome the
5  presumption that, under the circumstances the challenged action
6  [or lack of action] 'might be considered sound trial strategy'"
7  Reynoso v. Giurbino, 426 F. 3d 1099, 1113 (9th Cir. 2006).

8  In United States v. Spentz, 653 F. 3d 815, 818 (9th Cir.
9  2011) defense counsel is only required to show slight inducement
10 by the government to get an entrapment defense. The requirement
11 for effective assistance under Strickland v. Washington must
12 be directly affected by this lowered requirement of Spentz
13 therefore if an attorney cannot get an entrapment defense
14 because he pursues a side issue rather than the main component
15 of the defense this is very telling about that attorney's
16 performance and effectiveness as guaranteed by the Constitution.

17 The petitioner presents two critical pieces of evidence
18 that were absolutely "dead on point" to the reason defense
19 witnesses were testifying about their fear of the confidential
20 informant and the skinhead gang he was associated with. First
21 was a recorded telephone conversation between the informant,
22 David Udseth, and the leader of the skinhead gang and second was
23 a news paper article closely related to that recorded
24 conversation, neither of which were presented by defense counsel.

25 The recorded telephone conversation between David Udseth
26 and the leader of the skinhead gang, Keegan Van Tuyl, has the
27 confidential informant purportedly accepting leadership of the
28 gang while Van Tuyl is incarcerated and he agrees to accept

BRIEF ON NOTICE OF APPEAL FOR COA -6-

1  recruits from prison sent out to him to join the gang. The
2  revelation that this recorded telephone conversation exists was
3  made through <u>Bradey</u> material given to the defense counsel
4  consisting of transcripts of Keegan Van Tuyl's revocation
5  hearing where the F.B.I. and the prosecutor, Earl Hicks (the
6  same prosecutor on this case), characterize the confidential
7  informant and his relationship, to the skinhead gang,
8  established during the recorded telephone call as evidence of
9  the extremely dangerous nature of the confidential informant and
10 his leader Keegan Van Tuyl. The petitioner presented excerpts of
11 the revocation hearing in his Memorandum in Support of the §
12 2255 motion (p. 13 l. 11-28 though p. 14 l. 1-18) establishing
13 this fact, that a telephone recording existed that should have
14 been used for impeachment.
15      The news paper article concerns the event as was covered
16 in Keegan Van Tuyl's hearing concerning the testimony of Jason
17 Shwan O'Dwyer who was the victim of Keegan Van Tuyl and his
18 skinhead gang and was nearly beaten to death in a similar
19 fashion as the defense witness, Anthony Johnson, had been a
20 victim to them a few months earlier and O'Dwyer, like Johnson,
21 was initially afraid to tell the police what realy happened. The
22 O'Dwyer incident happened in Idaho where the skinhead gang was
23 beginning to operate. This was reported in an extensive article
24 in the February 7, 2010 Spokane Spokesman Review approximately
25 the same time that David Udseth became a government informant.
26 It was therefore public knowledge about the beating of O'Dwyer
27 and was exactly the concern about what the confidential
28 informant was telling him in relation to the danger Anthony

BRIEF ON NOTICE OF APPEAL FOR COA -7-

1  Johnson was in.

2  The defense counsel failed to obtain the telephone
3  recording between Udseth and Van Tuyl and failed to present the
4  news paper article available online. Both of these pieces of
5  evidence would have been the backing necessary to convince the
6  jury of the fear induced by the government's informant.

7  When the petitioner makes a proper showing that the
8  evidence bearing on the claim of ineffective assistance of
9  counsel exists outside of the trial record, such as the above
10 recorded telephone record and news article, then the district
11 court must order an evidentiary hearing to expand the record.
12 "... The record does not show why the trial attorney failed to
13 investigate, and the judge did not use his recollection of the
14 events at issue to answer this question. Accordingly, the
15 attorney's performance cannot be deemed effective without an
16 evidentairy hearing..." United States v. Burrows, 872 F. 2d 915,
17 918 (9th Cir. 1989) See also Hawkin v. Hannigan, 185 F. 3d 1146,
18 1152 (10th Cir. 1999) ("... For example, counsel's failure to
19 raise a "dead bang winner" on appeal - an issue that is both
20 obvious from the trial record, and which would have resulted in
21 reversal on appeal - constitutes ineffective assistance. See id.
22 at 395. When counsel omits an issue under these circumstances,
23 counsel's performance is objectively unreasonable because the
24 issue was obvious from the trial record and the omission is
25 prejudicial because the issue warranted reversal on appeal.").

26 Therefore this petitioner is entitled to a minimum of a
27 remand for an evidentiary hearing and a response from the
28 government as to Ground Two.

1     Further it was abuse of discretion for the district court 2 to misstate the claims and then attack the mistatements.

3                       STANDARD OF REVIEW

4     The petitioner must make a "substantial showing of the 5 denial of a constitutional right." 28 U.S.C. § 2255 6 (c)(1)(A)(2). And the request must specify which claim or claims 7 meet the "substantial showing" standard. The request for a 8 certificate should be addressed first to the district court, 9 United States v. Asrar, 116 F. 3d 1268 (9th Cir. 1997) which the 10 district court has already done.

11     To make a substantial showing, "obviously the petitioner 12 need not show that he should prevail on the merits. He has 13 already failed in that endeavor." Barefoot v. Estelle, 463 U.S. 14 880, 893, 103 S. Ct. 3383, 77 L. Ed 2d 1090 (1983). Rather, the 15 petitioner need only show that the petition contains an issue 16 (1) that is "debatable amoung jurists of reason"; (2) "that the 17 court could resolve in a different manner"; (3) that is 18 "adequate to deserve encouragement to proceed further"; or (4) 19 "that is not squarely foreclosed by statute, rule or 20 authoritative court decision, or ... [that is not] lacking any 21 factual basis in the record." Id at 893 n.4 894 (internal 22 quotations omitted). See also Slack v. McDaniel, 529 U.S. 473, 23 484, 146 L. Ed. 542 (2000) The defendant's claim meets all of 24 these standards.

25                           CONCLUSION

26     Wherefore this petitioner respectfully presents this brief 27 on the notice of appeal for certificate of appealability to the 28 Ninth Circuit Court of Appeals.

1    CERTIFICATE OF SERVICE

2    I, Wayde Kurt, do certify that I have placed in the U.S.

3    Mail, first class postage pre paid, 1 copy of this Brief On

4    Notice Of Appeal For Certificate Of Appealability addressed to

5    the Clerk of the Court and signed under penalty of perjury.

6    Sean F. McVoy: Clerk of Court
     United States District Court
7    For the Eastern District of Washington
     840 U.S. Courthouse
8    920 W. Riverside Ave.
     P.O. Box 1493
9    Spokane, WA 99210-1493

10                                    Executed 16 of May 2014
                                      pursuant to 28 U.S.C. § 1746
11

12                                    _____
                                              Wayde Kurt

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRIEF ON NOTICE OF APPEAL FOR COA -10-